### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, U.S.A., INC. <br><br> Defendant. | ) <br> ) <br> ) Case No. 20-cv-7722 <br> ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT

**NOW COMES** the Plaintiff, ARTHUR JOHNSON ("Johnson" or "Plaintiff"), by and through his attorneys, Lázaro Law Group, LLC and for his Complaint against THE HOME DEPOT, U.S.A., INC. ("Home Depot" or "Defendant"), states as follows:

### NATURE OF ACTION

This action challenges pervasive age discrimination, harassment, and retaliatory practices at the Home Depot store located in Cicero, Illinois. While employed by Defendant, Plaintiff was subjected to harassment, age discrimination, and retaliation based on his age and his opposition to the harassment and discrimination he suffered.

### JURISDICTION AND VENUE

1. Plaintiff's claims arise under the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. § 621 et seq.

2. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b). Defendant's unlawful conduct took place within the jurisdiction of this Honorable Court.

3. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") on June 8, 2016.

5. After investigating the claim, the EEOC found that there is "reasonable cause to believe that a violation of the statute occurred . . . with respect to . . . the matters alleged in the charge."

6. On September 28, 2020, the EEOC issued a Right to Sue Letter.

7. Johnson has fully complied with the procedural requirements under the ADEA.

## PARTIES

8. Johnson was employed by the Home Depot for more than 20 years. He resides in this judicial district.

9. The Home Depot is a home improvement retailer. Its principal place of business is located in Atlanta, Georgia. At all times relevant, the Home Depot operated the Home Depot store located in Cicero Illinois and was Johnson's employer as well as the employer of his supervisors.

## FACTUAL ALLEGATIONS

*Defendant engaged in Pervasive Age Harassment,
Discrimination, and Retaliation against Johnson*

10. Johnson was first employed by the Home Depot in February 1996 as a Sales Associate. He was terminated in June 2016 -- after more than twenty years of service to the Company.

11. At the time of termination, Johnson was forty-nine ("49") years old.

2

12. During Johnsons' employment with the Home Depot, Defendant engaged in a pattern of discriminatory conduct against older workers which includes, but is not limited to:

   a. Demeaning, humiliating, and intimidating its older employees and creating a hostile and offensive work environment;

   b. Negligently retaining supervisors with known propensities to discriminate or harass older workers;

   c. Making employment decision based on age and taking age into consideration when making employment decisions;

   d. Taking disciplinary actions against older workers under false pretenses;

   e. Treating younger employees better than younger employees in many aspects of employment;

   f. Refusing to take adverse actions against workers who engaged in harassment and discrimination.

13. Complicit in Defendant's discrimination and retaliation is its Human Resources Department, which is ineffective at resolving complaints of discrimination and harassment. Defendant's Human Resources team defends discriminators and harassers and does not take adequate steps to prevent retaliation against employees who lodge complaints.

14. During his time at the Home Depot, Johnson was the victim of Defendant's pervasive age discrimination, harassment, and retaliation.

15. In or about 2002, Johnson was falsely accused by a Home Depot manager of malfeasance and, as a result, was wrongly terminated.

16. At the time, Johnson filed a charge with the EEOC claiming discrimination.

17. After the EEOC investigated Johnson's charge the Home Depot re-instated Johnson to his position.

18. Due to his excellent job performance, during his tenure at the Home Depot Johnson was consistently rated as a "valued associate" in his evaluations.

19. Specifically, Johnson obtained a "valued associate" rating in the evaluations dated September 30, 2011, September 3, 2012, October 6, 2013, March 15, 2014, October 4, 2014, and March 3, 2015.

20. Johnsons' evaluations contain positive comments concerning his efforts during closing and facing, zoning, and maintaining the aisles clear. For example, in the March 3, 2015 evaluation – less than a year prior to his termination -- his then manager made the following comment concerning Mr. Johnsons' job performance during the closing "Art does a good job in terms of closing down the department and keeping aisles shoppable."

21. The treatment received by Johnson from his managers changed dramatically in March 2015 when he first started reporting to Jessie Scott ("Scott").

22. From that time onward, Johnson and other older workers were constantly exposed to age-based comments, animosity, and treatment.

23. Scott would regularly call Johnson and other older workers an "old-man" and would make comments such as "hurry up old man, you are too slow," "you need to retire" and "if you weren't so old, you'll be able to finish on time."

24. The age-based comments were constant and occurred weekly.

25. Scott would treat younger workers differently than older workers. To make Johnson fail, Scott would give Johnson more work that was possible to accomplish.

26. Scott would also take action against Johnson for minor and/or unimportant issues whereas he would not take similar action against younger workers for similar issues.

27. Johnson complained about the harassment and treatment he was suffering to the Store manager Dave Ocasio on several occasions.

28. The store manager failed to take effective action against Scott.

29. Indeed, weeks after the complaint, Scott gave Johnson a written warning. When Johnson refused to sign it, Scott stated "come on old man – sign it."

30. Moreover, during this time Scott failed to follow Home Depot's policy by peppering Johnson's employee file with discipline or manager's notes that Johnson had never seen and/or for events that never transpired. Indeed, the so-called conversations between Scott and Johnson did not occur.

31. As the age-based comments and treatment continued, Johnson complained again to the store manager Ocasio as well as several of the assistant managers and Human Resources personnel.

32. Notwithstanding, Plaintiff's repeated complaints Defendant failed to take any timely appropriate steps aimed at ensuring a safe and harassment-free environment. Rather than investigate the allegations and take appropriate action, Defendant did not discipline Scott and instead permitted him to remain in his role as supervisor and continue to supervise plaintiff and other older workers.

33. Moreover, after Johnson complained Scott not only continued his disrespectful behavior but the behavior intensified against Johnson and other older workers in retaliation for the complaints lodged by Johnson.

34. In fact, at one point, Scott told Johnson "I heard you told on me . . . don't you know there is nothing they will do to me" or words to that effect.

35. Things only got worse for Johnson and other older workers when the store manager Melissa Clark ("Clark") joined the store.

36. Clark was in the early 30s when she joined the store.

37. Clark was openly hostile to older workers. During meetings with the store personnel, Calk would look directly at older workers and stated "if you cannot keep up you will be replaced" or words to that effect.

38. On June 3, 2016, Johnson was called to a meeting with Clark. To Johnson's surprise, Clark informed Johnson that he had been "warned" by Scott about his lack of performance and that, as a consequence, he was fired.

39. During the meeting Clark stated that Johnson was fired because on May 17, 2016 – around three weeks prior to the date of termination – Johnson had allegedly failed to follow closing procedures.

40. When Johnson protested and stated that he had not been given prior discipline and did not know what transpired on May 17, Clark became aggressive, referred to Johnson as "you older people" and stated that "you older people think you can do what you want" or words to that effect. In addition, Clark also stated that if Johnson wanted to see the prior discipline he would have to "take us to Court."

41. Even though Clark referenced May 17, 2016 as the date when Johnson allegedly failed to follow closing procedures, Johnson's employee file contains no evidence showing that Johnson actually failed to follow closing procedures that day.

42. The reasons identified by Defendant for Johnson's termination is nothing but a pretext for discrimination and retaliation.

43. Indeed, two older workers (age 63 and 69) who worked for Home Depot during the time that Plaintiff worked there have signed declarations attesting to the discriminatory and retaliatory treatment suffered by Johnson (and them) at the hands of the Home Depot. These two witnesses attest that:

   a. They also felt that they were the victims of discrimination and harassment based on their age;

   b. They personally observed age-based comments directed at them by management at the Home Depot including against Johnson;

   c. These behaviors were "tenacious and occurred almost on a daily basis";

   d. Managers at the Home Depot would treat older worker's differently than younger ones.

   e. The discriminatory treatment intensified after Johnson and one of the witnesses complained to management.

See Exhibit A.

44. The unlawful discrimination practices described above were intentional and willful within the meaning of Section 7(b) of the ADEA. 29 U.S.C. § 626(b).

**FIRST CAUSE OF ACTION**
**DISCRIMINATION IN VIOLATION OF THE ADEA**

45. Plaintiff incorporates the preceding paragraphs as if alleged herein.

46. The Age Discrimination in the Employment Act, 29 U.S.C. § 621 et seq., as amended makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.

47. The above facts taken by Defendant amount to discrimination based on age in violation of ADEA.

48. Despite Defendant's knowledge of the harassment toward Plaintiff, it failed to take any appropriate action to prevent or correct the discriminatory work conditions

7

imposed on Plaintiff.

49. Accordingly, Plaintiff alleges differential treatment under the ADEA.

50. As a direct and proximate result of the foregoing violations of the ADEA, Johnson has suffered economic and non-economic damages included but not limited to denial of wages and other benefits, lost interest on those wages as well as lost potential to advance as an employee of the Home Depot.

## SECOND CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE ADEA 29 USC. 623(d)

51. Plaintiff incorporates the preceding paragraphs as if alleged herein.

52. The ADEA makes it unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

53. Plaintiff complained of age discrimination and harassment both internally and to the EEOC.

54. Defendant retaliated against Plaintiff for his complaints in violation of the ADEA. By its conduct, Defendant retaliated against Plaintiff in violation of ADEA.

## THIRD OF ACTION
## ILLINOIS HUMAN RIGHTS ACT-AGE DISCRIMINATION

55. Plaintiff incorporates the preceding paragraphs as if alleged herein.

56. The Illinois Human Rights Act, as amended, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age.

57. Despite Defendant's knowledge of the harassing treatment toward Plaintiff, it failed to take any appropriate action to prevent or correct the discriminatory work

conditions imposed on Plaintiff.

58. Accordingly, Plaintiff alleges differential treatment and hostile work environment theories of liability under the Illinois Human Rights Act.

59. By its conduct described herein, Defendant subjected Plaintiff to age discrimination in violation of the Illinois Human Rights Act.

## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

60. Plaintiff incorporates the preceding paragraphs as if alleged herein.

61. The Illinois Human Rights Act makes it unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employer's claim of discrimination.

62. Plaintiff complained of age discrimination and harassment.

63. Defendant retaliated against Plaintiff for his complaints in violation of the Illinois Human Rights Act.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant, and enter an Order awarding the following relief:

   a. All wages and benefits he would have received but for the discrimination and prejudgment interest;

   b. Liquidated damages doubling the amount of interest, wages, lost employment benefits and other compensation lost to him as a result of Defendant's discrimination;

   c. Reinstatement to his position or, in the alternative, front pay for a reasonable amount of time;

   d. Compensatory damages for violation of the state law;

   e. Punitive damages for violation of state law

   f. An award of costs, as provided by F.R.C.P. 54(d)(1);

    g.    An award of reasonable attorney's fees; and

    h.    Such other relief as the Plaintiff may be entitled to under ADEA and any other statute or which the Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 24, 2019                  Respectfully Submitted,

                                                      Lázaro Law Group, LLC

                                                      /s/ Rafael E. Lázaro
                                                      /s/ Catherine Roland
                                                      321 S. Plymouth Court, Suite 1250
                                                      Chicago, Illinois 60604
                                                      (312) 461-9900;
                                                      (773) 305-4068 (fax)
                                                      rlazaro@lazarolawgroup.com